[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11798
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-00174-JRH-BKE

SUSAN TREAT,
ASHLEY WALKER,
Individually and next Friend and Mother of
Madison Walker,

Plaintiffs - Appellees,

versus

DANIEL T. LOWE,

Defendant - Appellant,

MATTHEW P. PERKINS,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 8, 2016)

Before WILSON, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Susan Treat and Ashley Walker[1] filed this suit under 42 U.S.C. § 1983 alleging that Daniel Lowe, an investigator with the Burke County Sheriff's Office in Florida, violated their Fourth and Fourteenth Amendment rights by unlawfully entering and searching their residence without a search warrant or exigent circumstances and by unlawfully seizing and detaining them at gunpoint. Lowe had entered their home by mistake; he was supposed to execute a search warrant two doors down.[2] Lowe moved for summary judgment based on qualified immunity. The district court denied the motion, concluding that a jury could find that Lowe failed to engage in reasonable efforts to avoid erroneously executing the search warrant and that his failure violated Treat and Walker's clearly established constitutional rights.

Lowe appeals the district court's denial of summary judgment on Treat and Walker's § 1983 claims.[3] After careful review, we find no error in the district court's thorough and well-reasoned order. The bulk of Lowe's arguments on

---

[1] Walker filed the complaint in her individual capacity and as next friend and mother of her minor daughter, M.W.

[2] Treat and Walker also sued Matthew Perkins, an investigator with the Richmond County Sheriff's Office, for his participation in the entry, search, and seizure. The district court denied Perkins's motion for summary judgment based on qualified immunity, and Perkins did not appeal that decision.

[3] The district court also rendered judgment in favor of Lowe on Treat and Walker's state law claims, finding that he was entitled to official immunity as relevant to those claims. This disposition is not at issue on appeal.

2

appeal concern the district court's analysis of our decision in *Hartsfield v. Lemacks*, 50 F.3d 950 (11th Cir. 1995), as it pertains to this case.  We agree with the district court's thoughtful examination of *Hartsfield*.

Lowe cites an unpublished decision of this Court rendered after the district court denied him qualified immunity, *White v. McLain*, No. 15-15270, __ F. App'x __, 2016 WL 1566639 (11th Cir. Apr. 19, 2016), as illustrative of why the district court's analysis of *Hartsfield* was erroneous.  Specifically, Lowe argues that *White* makes plain that "*Hartsfield* did not give Lowe fair warning that participating in a search team with a role limited to making arrests would make him responsible for ensuring the warrant was executed at the correct location, especially when he expressly understood this was not his job."  Appellant's Br. at 28.  We disagree.

As a preliminary matter, Lowe's role clearly was not limited to making arrests:  he was executing a search warrant at a designated location.  Moreover, *White*—which does not bind this panel—stands only for the proposition that it is not clearly established "that an officer's well-intentioned attempts to ascertain and identify the property described in a warrant are not reasonable simply because they lead to an error, or because more accurate means of ascertaining the property's identity were available."  2016 WL 1566639, at *3.  The *White* panel contrasted its facts with those in *Hartsfield*, where the officer in question "'did *nothing* to make sure'" he had the correct address and was denied qualified immunity.  *Id.* at *4

3

(quoting *Hartsfield*, 50 F.3d at 955).  As the district court explained here, viewing the facts in the light most favorable to Treat and Walker, Lowe did not engage in "well-intentioned attempts," but rather "did nothing" to ascertain the correct address at which to execute the search warrant.  *Id.* at *3-4.  *White*, therefore, is inapposite.

We affirm the district court's denial of summary judgment to Lowe.

**AFFIRMED.**